UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------------------X

SCE GROUP INC. d/b/a SIN CITY ENTERTAINMENT

Plaintiffs'

Complaint

Jury Trial Demand

-against-

THE CITY OF NEW YORK; BRIAN C. HENNESSY, as Commanding Officer, 40th Precinct; MATTHEW MORALES, as Lieutenant, 40th Precinct; MICHAEL LoPUZZO, as Commanding Officer, 40th Precinct Detective Squad; EDWIN AYALA, as Police Officer, 40th Precinct; CHRIS CAMPBELL, as Police Officer, 40th Precinct; ALBERT G. KNOWLES, as Police Officer, 40th Precinct and JUAN SANTIAGO, as Police Officer; 40th Precinct

Defendants'

---------------------------------------------------------------------------X

Plaintiff SCE GROUP INC. d/b/a SIN CITY ENTERTAINMENT by its attorney, The Sanders Firm, P.C., files this complaint against defendants' THE CITY OF NEW YORK; BRIAN C. HENNESSY; MATTHEW MORALES; MICHAEL LoPUZZO; EDWIN AYALA; CHRIS CAMPBELL; ALBERT G. KNOWLES and JUAN SANTIAGO, allege that:

**INTRODUCTION**

1. Plaintiff SCE GROUP INC. d/b/a SIN CITY ENTERTAINMENT, allege since December 2014, defendants' THE CITY OF NEW YORK; BRIAN C. HENNESSY; MATTHEW MORALES; MICHAEL LoPUZZO; EDWIN AYALA; CHRIS CAMPBELL; ALBERT G. KNOWLES and JUAN SANTIAGO have used selective enforcement actions and misleading testimony before the New York State Liquor Authority to cause it to cease operations.

**JURISDICTION AND VENUE**

2. The jurisdiction of this Court is invoked pursuant to 18 U.S.C. § 1965, 28 U.S.C. §§ 1331, 1343 and 2202 to secure protection of and to redress deprivation of rights secured by:

a. the Civil Rights Act of 1871, 42 U.S.C. § 1983, provides for the protection of all persons in their civil rights and the redress of deprivation of rights under color of law.

**PLAINTIFF**

3. Plaintiff SCE GROUP INC. d/b/a SIN CITY ENTERTAINMENT, is a domestic business corporation legally operating under the laws of the State of New York, and at all relevant times operated as an adult entertainment business 2520 Park Avenue Bronx, N.Y. 10451.

**DEFENDANTS'**

4. Defendant THE CITY OF NEW YORK is a municipal corporation organized under the laws of the State of New York.

5. Defendant BRIAN C. HENNESSY, as Commanding Officer, 40th Precinct.

6. Defendant MATTHEW MORALES, as Special Operations Lieutenant, 40th Precinct.

7. Defendant MICHAEL LoPUZZO, as Commanding Officer, 40 Precinct Detective Squad.

8. Defendant EDWIN AYALA, as Police Officer, 40th Precinct.

9. Defendant CHRIS CAMPBELL, as Police Officer, 40th Precinct.

10. Defendant ALBERT G. KNOWLES, as Police Officer, 40th Precinct.

11. Defendant JUAN SANTIAGO, as Police Officer, 40th Precinct.

**BACKGROUND**

12. Plaintiff SCE GROUP INC. d/b/a SIN CITY ENTERTAINMENT allege that 2520 Park Avenue Bronx, N.Y. 10451, is located within Defendant THE CITY OF NEW YORK

Bronx Community Board No.: 1, encompassing the neighborhoods of Melrose, Mott Haven and Port Morris, zip codes 10451, 10454, 10455 and 10456.

13. Plaintiff SCE GROUP INC. d/b/a SIN CITY ENTERTAINMENT allege that according to Defendant THE CITY OF NEW YORK'S data, Bronx Community Board No.: 1, as of 2010, the population estimated to be 91, 497 residents.

14. Plaintiff SCE GROUP INC. d/b/a SIN CITY ENTERTAINMENT allege that according to Defendant THE CITY OF NEW YORK'S data, Bronx Community Board No.: 1, as of 2010, the population demographics (percentages) includes: 1.6 White (Non-Hispanic), 25.9 Black (Non-Hispanic), .6 Asian (Non-Hispanic), .2 Other (Non-Hispanic) and 70.9 Hispanic (Of any race) and, .8 Two or more races (Non-Hispanic).

15. Plaintiff SCE GROUP INC. d/b/a SIN CITY ENTERTAINMENT allege that according to Defendant THE CITY OF NEW YORK'S data, Bronx Community Board No.: 1, as of 2010, 2520 Park Avenue Bronx, N.Y. 10451 is located within a Light Industrial Business Zone classified as M1-4.

16. Plaintiff SCE GROUP INC. d/b/a SIN CITY ENTERTAINMENT allege that on April 4, 2002, after performing some market research, the corporation invest in operating an adult entertainment at 2520 Park Avenue Bronx, N.Y. 10451. This location was particularly attractive due to its location within a Light Industrial Business Zone classified as M1-4.

17. Plaintiff SCE GROUP INC. d/b/a SIN CITY ENTERTAINMENT alleges that the underserved target market are people (primarily persons of color) culturally connected to the hip-hop community with more than $500 billion in discretionary income to spend upon entertainment.

18. Plaintiff SCE GROUP INC. d/b/a SIN CITY ENTERTAINMENT alleges that the

underserved target market includes celebrities from the sports, media and entertainment industries.

19. Plaintiff SCE GROUP INC. d/b/a SIN CITY ENTERTAINMENT allege that on or about April 4, 2002, there was a public filing within the New York State Department of State Division of Corporations to establish the domestic limited liability company.

20. Plaintiff SCE GROUP INC. d/b/a SIN CITY ENTERTAINMENT allege that shortly thereafter, there was a public filing within the New York State Liquor Authority to establish On-Premises (OP) Liquor Licenses for 2520 Park Avenue Bronx, N.Y. 10451.

21. Plaintiff SCE GROUP INC. d/b/a SIN CITY ENTERTAINMENT alleges that during the period, modifications were made to 2520 Park Avenue Bronx, N.Y. 10451.

22. Plaintiff SCE GROUP INC. d/b/a SIN CITY ENTERTAINMENT alleges that from January 1, 2011 through September 16, 2018, according to the New York State Liquor Authority's website, the SLA issued and managed within zip code 10451, 196 licenses of all types including 83 OP or On Premises.

23. Plaintiff SCE GROUP INC. d/b/a SIN CITY ENTERTAINMENT alleges that from January 1, 2011 through September 16, 2018, according to the New York State Liquor Authority's website, the SLA issued and managed within zip code 10454, 666 licenses of all types including 56 OP or On Premises.

24. Plaintiff SCE GROUP INC. d/b/a SIN CITY ENTERTAINMENT alleges that from January 1, 2011 through September 16, 2018, according to the New York State Liquor Authority's website, the SLA issued and managed within zip code 10455, 683 licenses of all types including 63 OP or On Premises.

25. Plaintiff SCE GROUP INC. d/b/a SIN CITY ENTERTAINMENT alleges that

from January 1, 2011 through September 16, 2018, according to the New York State Liquor Authority's website, the SLA issued and managed within zip code 10456, 1015 licenses of all types including 33 OP or On Premises

26. Plaintiff SCE GROUP INC. d/b/a SIN CITY ENTERTAINMENT alleges that, according to the New York State Liquor Authority's website, there is no data to establish the license holder's race and/or national origin.

27. Plaintiff SCE GROUP INC. d/b/a SIN CITY ENTERTAINMENT alleges that, according to the New York State Liquor Authority's website, there is no data to evaluate selective enforcement due to the license holder's race and/or national origin.

28. Plaintiff SCE GROUP INC. d/b/a SIN CITY ENTERTAINMENT alleges that, according to the New York State Liquor Authority's website, there is no data to evaluate selective enforcement due to the patron's race and/or national origin

29. Plaintiff SCE GROUP INC. d/b/a SIN CITY ENTERTAINMENT alleges that, according to the New York State Liquor Authority's website, there is no data to evaluate SLA fines and other penalties due to the license holder's race and/or national origin.

30. Plaintiff SCE GROUP INC. d/b/a SIN CITY ENTERTAINMENT alleges that in or around 2003, they opened for business.

31. Plaintiff SCE GROUP INC. d/b/a SIN CITY ENTERTAINMENT alleges that shortly from December 2014 through present, Defendant THE CITY OF NEW YORK through its government agents including defendants' BRIAN C. HENNESSY; MATTHEW MORALES; MICHAEL LoPUZZO; EDWIN AYALA; CHRIS CAMPBELL; ALBERT G. KNOWLES and JUAN SANTIAGO began the campaign of selective enforcement to drive it out of business, thereby enabling politically connected parties to purchase its devalued property for a lucrative

development to its detriment.

32. Plaintiff SCE GROUP INC. d/b/a SIN CITY ENTERTAINMENT alleges that Defendant THE CITY OF NEW YORK through its government agents including defendants' BRIAN C. HENNESSY; MATTHEW MORALES; MICHAEL LoPUZZO; EDWIN AYALA; CHRIS CAMPBELL; ALBERT G. KNOWLES and JUAN SANTIAGO subjected the business, its patrons and other stakeholders to unlawful selective enforcement activities despite a previous ruling in Sulkowska v. City of New York, et al., 129 F.Supp. 2d 274 (S.D.N.Y. January 24, 2001), due to their race and/or national origin of its target market.

33. Plaintiff SCE GROUP INC. d/b/a SIN CITY ENTERTAINMENT alleges that despite the ruling in Sulkowska, Defendant THE CITY OF NEW YORK through its government agents including defendants' BRIAN C. HENNESSY; MATTHEW MORALES; MICHAEL LoPUZZO; EDWIN AYALA; CHRIS CAMPBELL; ALBERT G. KNOWLES and JUAN SANTIAGO continue the unlawful selective enforcement activities citywide based upon the race and/or national origin of the On Premises (OP) license holder, patrons and other stakeholders.

34. Plaintiff SCE GROUP INC. d/b/a SIN CITY ENTERTAINMENT alleges that from December 2014 through January 5, 2018, Defendant THE CITY OF NEW YORK through its government agents including defendants' BRIAN C. HENNESSY; MATTHEW MORALES; MICHAEL LoPUZZO; EDWIN AYALA; CHRIS CAMPBELL; ALBERT G. KNOWLES and JUAN SANTIAGO issued 'false' violations, 'false' summonses, engaged in 'false' arrests, legally baseless stop and frisks, legally baseless checkpoints, 'unlawful' Business Inspections and other unlawful selective enforcement activities based upon the race and/or national origin of the business owner, patrons and other stakeholders.

35. Plaintiff SCE GROUP INC. d/b/a SIN CITY ENTERTAINMENT alleges that on

or about January 5, 2016, Defendant THE CITY OF NEW YORK through the 40th Precinct Community Council, writing "It is to my knowledge that the SCE Group Inc. dba Sin City Entertainment has never been a threat to the quality of life in our community, nor a focal point of attention in our monthly meetings."

36. Plaintiff SCE GROUP INC. d/b/a SIN CITY ENTERTAINMENT alleges that the 40th Precinct Community Council's position is 'accurate' and in direct contradiction with Defendant THE CITY OF NEW YORK through its government agents including defendants' BRIAN C. HENNESSY; MATTHEW MORALES; MICHAEL LoPUZZO; EDWIN AYALA; CHRIS CAMPBELL; ALBERT G. KNOWLES and JUAN SANTIAGO'S position that the business is a 'focal point' of the police and therefore, must be closed.

37. Plaintiff SCE GROUP INC. d/b/a SIN CITY ENTERTAINMENT alleges that from January 5, 2016 through October 2016, Defendant THE CITY OF NEW YORK through its government agents including defendants' BRIAN C. HENNESSY; MATTHEW MORALES; MICHAEL LoPUZZO; EDWIN AYALA; CHRIS CAMPBELL; ALBERT G. KNOWLES and JUAN SANTIAGO issued 'false' violations, 'false' summonses, engaged in 'false' arrests, legally baseless stop and frisks, legally baseless checkpoints, 'unlawful' Business Inspections and other unlawful selective enforcement activities based upon the race and/or national origin of the business owner, patrons and other stakeholders.

38. Plaintiff SCE GROUP INC. d/b/a SIN CITY ENTERTAINMENT alleges that in or around October 2016, the New York City Council introduced 13 bills called the Nuisance Abatement Fairness Act in response to a New York Daily News and ProPublica investigation that found the New York City Police Department has abused the decades-old law.

39. Plaintiff SCE GROUP INC. d/b/a SIN CITY ENTERTAINMENT alleges that defendant THE CITY OF NEW YORK enacted the nuisance abatement law in the 1970s to push the sex industry out of Times Square.

40. Plaintiff SCE GROUP INC. d/b/a SIN CITY ENTERTAINMENT alleges that since then, defendant THE CITY OF NEW YORK through the NYPD has greatly expanded its use, targeting businesses and homes it said were the sites of repeated criminal activity.

41. Plaintiff SCE GROUP INC. d/b/a SIN CITY ENTERTAINMENT alleges that defendant THE CITY OF NEW YORK through the NYPD has filed more than 2,609 petitions from 2013 through 2015 alone.

42. Plaintiff SCE GROUP INC. d/b/a SIN CITY ENTERTAINMENT alleges that the New York Daily News and ProPublica analyzed more than 1,100 cases filed during that period, and found the targets were frequently households with one or more members accused of low-level drug charges, and immigrant-owned shops accused of selling alcohol to underage auxiliary police officers.

43. Plaintiff SCE GROUP INC. d/b/a SIN CITY ENTERTAINMENT alleges that the targets were almost exclusively located in communities of color.

44. Plaintiff SCE GROUP INC. d/b/a SIN CITY ENTERTAINMENT alleges that in some instances, nuisance cases went forward even after the criminal cases that spurred them fell apart and charges were dismissed.

45. Plaintiff SCE GROUP INC. d/b/a SIN CITY ENTERTAINMENT alleges that defendant THE CITY OF NEW YORK through the NYPD's Legal Bureau initiated nearly every case with a request for a court order closing the location without warning, forcing people to negotiate settlements while either homeless or unable to earn a living.

46. Plaintiff SCE GROUP INC. d/b/a SIN CITY ENTERTAINMENT alleges that defendant THE CITY OF NEW YORK through the NYPD's Legal Bureau would legally 'force' business owners to agree to unfettered access to surveillance cameras and data-storing identification readers and pay civil penalties to stay in business.

47. Plaintiff SCE GROUP INC. d/b/a SIN CITY ENTERTAINMENT alleges that in or around June 2016, defendant THE CITY OF NEW YORK through the NYPD's Legal Bureau filed a petition against THE LAND AND BUILDIG KNOWN AS 2520 PARK AVENUE, TAX BLOCK 2322, TAX LOT 15, COUNTY OF BRONX, CITY AND STATE of NEW YORK; 2500 PARK AVENUE REALTY; SCE GROUO INC.; "JOHN DOE" and "JANE DOE"..., in the Supreme Court of the State of New York, County of New York Index No.: 250804/16, seeking an preliminary and permanent injunction, enjoining a public nuisance within the ground floor commercial premises located at 2520 Park Avenue Bronx, N.Y., closing the subject premises for a period of one (1) year from the posting of the judgment and other legal remedies.

48. Plaintiff SCE GROUP INC. d/b/a SIN CITY ENTERTAINMENT alleges that defendant THE CITY OF NEW YORK'S actions through the NYPD's Legal Bureau would have 'forced' its multimillion-dollar business to cease operations.

49. Plaintiff SCE GROUP INC. d/b/a SIN CITY ENTERTAINMENT alleges that on or about November 7, 2016, faced with losing everything, it entered into a 'forced' Stipulation of Settlement with defendant THE CITY OF NEW YORK through the NYPD Legal Bureau, consenting to a 'reasonable' number of unannounced business inspections for a period of one (1) year, payment of one hundred thousand dollars ($100,000.00) payable to defendant THE CITY OF NEW YORK in full payment of civil penalties, and other remedies.

50. Plaintiff SCE GROUP INC. d/b/a SIN CITY ENTERTAINMENT alleges that

Defendant THE CITY OF NEW YORK through the NYPD Legal Bureau use of selective use of the nuisance abatement law was orchestrated to drive it out of business, thereby enabling politically connected parties to purchase its devalued property for a lucrative development to its detriment.

51. Plaintiff SCE GROUP INC. d/b/a SIN CITY ENTERTAINMENT alleges that from November 6, 2016 through December 21, 2016, Defendant THE CITY OF NEW YORK through its government agents including defendants' BRIAN C. HENNESSY; MATTHEW MORALES; MICHAEL LoPUZZO; EDWIN AYALA; CHRIS CAMPBELL; ALBERT G. KNOWLES and JUAN SANTIAGO issued 'false' violations, 'false' summonses, engaged in 'false' arrests, legally baseless stop and frisks, legally baseless checkpoints, 'unlawful' Business Inspections and other unlawful selective enforcement activities based upon the race and/or national origin of the business owner, patrons and other stakeholders.

52. Plaintiff SCE GROUP INC. d/b/a SIN CITY ENTERTAINMENT alleges that on or about November 9, 2016, the New York State Liquor Authority initiated a proceeding Case No.: 114863, to cancel or revoke its license for violating Section 53.1(q) aka focal point for police attention and 48.2 failing to exercise adequate supervision of the licensed establishment.

53. Plaintiff SCE GROUP INC. d/b/a SIN CITY ENTERTAINMENT alleges that on or about December 21, 2016, the New York State Liquor Authority initiated a proceeding Case No.: 115170, to cancel or revoke its license for violating Section 111 aka availing.

54. Plaintiff SCE GROUP INC. d/b/a SIN CITY ENTERTAINMENT alleges that on or about January 9, 2017, February 1, 2017, February 6, 2017, February 16, 2017, March 13, 2017 and March 20, 2017, Defendant THE CITY OF NEW YORK through its government agents including defendants' BRIAN C. HENNESSY; MATTHEW MORALES; MICHAEL

LoPUZZO; EDWIN AYALA; CHRIS CAMPBELL; ALBERT G. KNOWLES and JUAN SANTIAGO provided testimony regarding issued 'false' violations, 'false' summonses, 'false' arrests, legally baseless stop and frisks, legally baseless checkpoints, 'unlawful' Business Inspections and other unlawful selective enforcement activities based upon the race and/or national origin of the business owner, patrons and other stakeholders.

55. Plaintiff SCE GROUP INC. d/b/a SIN CITY ENTERTAINMENT alleges that on or about May 10, 2017, after findings sustaining violations of Sections 48.2, 53.1 (q) and 111 of the Alcohol, Beverage and Control Law, the Full Board of the New York State liquor Authority voted to revoke its license and bond forfeiture.

56. Plaintiff SCE GROUP INC. d/b/a SIN CITY ENTERTAINMENT alleges that collective actions of Defendant THE CITY OF NEW YORK through its government agents including defendants' BRIAN C. HENNESSY; MATTHEW MORALES; MICHAEL LoPUZZO; EDWIN AYALA; CHRIS CAMPBELL; ALBERT G. KNOWLES and JUAN SANTIAGO 'forced' its multimillion-dollar business to cease operations.

57. Plaintiff SCE GROUP INC. d/b/a SIN CITY ENTERTAINMENT alleges that collective actions of Defendant THE CITY OF NEW YORK through its government agents including defendants' BRIAN C. HENNESSY; MATTHEW MORALES; MICHAEL LoPUZZO; EDWIN AYALA; CHRIS CAMPBELL; ALBERT G. KNOWLES and JUAN SANTIAGO have caused it to sustain considerable economic damages.

58. Plaintiff SCE GROUP INC. d/b/a SIN CITY ENTERTAINMENT alleges that collective actions of Defendant THE CITY OF NEW YORK through its government agents including defendants' BRIAN C. HENNESSY; MATTHEW MORALES; MICHAEL LoPUZZO; EDWIN AYALA; CHRIS CAMPBELL; ALBERT G. KNOWLES and JUAN SANTIAGO have

caused it to expend significant legal costs.

59. Plaintiff SCE GROUP INC. d/b/a SIN CITY ENTERTAINMENT alleges that collective actions of Defendant THE CITY OF NEW YORK through its government agents including defendants' BRIAN C. HENNESSY; MATTHEW MORALES; MICHAEL LoPUZZO; EDWIN AYALA; CHRIS CAMPBELL; ALBERT G. KNOWLES and JUAN SANTIAGO actions are in violation of The Civil Rights Act of 1871, 42 U.S.C. § 1983 Equal Protection – Selection Enforcement and Monell.

## VIOLATIONS AND CLAIMS ALLEGED

### COUNT I
### EQUAL PROTECTION – SELECTIVE ENFORCEMENT IN VIOLATION OF THE CIVIL RIGHTS ACT OF 1871, 42 U.S.C. § 1983

60. Plaintiff re-allege Paragraphs 1 through 59 and incorporate them by reference as Paragraphs 1 through 59 of Count I of this Complaint.

61. Plaintiff allege that defendants' BRIAN C. HENNESSY; MATTHEW MORALES; MICHAEL LoPUZZO; EDWIN AYALA; CHRIS CAMPBELL; ALBERT G. KNOWLES and JUAN SANTIAGO under color of law personally interfered with and deprived it of its constitutional rights, including the rights to be free from deprivation of life, liberty, and property.

62. Plaintiff alleges that defendants' BRIAN C. HENNESSY; MATTHEW MORALES; MICHAEL LoPUZZO; EDWIN AYALA; CHRIS CAMPBELL; ALBERT G. KNOWLES and JUAN SANTIAGO in acting to deprive it of its constitutional rights, acted intentionally, knowingly, willfully, and with gross disregard of their rights.

63. Plaintiff alleges that defendants' BRIAN C. HENNESSY; MATTHEW MORALES; MICHAEL LoPUZZO; EDWIN AYALA; CHRIS CAMPBELL; ALBERT G.

KNOWLES and JUAN SANTIAGO subjected the business, its patrons and other stakeholders to unlawful selective enforcement activities despite a previous ruling in Sulkowska v. City of New York, et al., 129 F.Supp. 2d 274 (S.D.N.Y. January 24, 2001), due to their race and/or national origin of its target market.

64. Plaintiff alleges that Defendant THE CITY OF NEW YORK through the NYPD Legal Bureau use of selective use of the nuisance abatement law was orchestrated to drive it out of business, thereby enabling politically connected parties to purchase its devalued property for a lucrative development to its detriment.

65. Plaintiff alleges that defendants' BRIAN C. HENNESSY; MATTHEW MORALES; MICHAEL LoPUZZO; EDWIN AYALA; CHRIS CAMPBELL; ALBERT G. KNOWLES and JUAN SANTIAGO under color of law, it sustained significant losses, lost business and property valuation, incurred legal expenses, and other related costs.

**COUNT II**
**MONELL CLAIM**
**IN VIOLATION OF**
**THE CIVIL RIGHTS ACT OF 1871, 42 U.S.C. § 1983**

66. Plaintiff re-alleges Paragraphs 1 through 65 and incorporates them by reference as Paragraphs 1 through 65 of Count II of this Complaint.

67. Plaintiff alleges defendant THE CITY OF NEW YORK through its agents caused its injuries.

66. Plaintiff alleges defendant THE CITY OF NEW YORK actions of implementing 'official and un-official' policies of unlawful selective enforcement activities despite a previous ruling in Sulkowska v. City of New York, et al., 129 F.Supp. 2d 274 (S.D.N.Y. January 24, 2001), due to their race and/or national origin of its target market.

68. Plaintiff alleges defendant THE CITY OF NEW YORK through its agents

deprived it of its constitutional and statutory rights.

69. Plaintiff alleges defendant THE CITY OF NEW YORK through its agents' actions caused it injuries.

70. Plaintiff alleges defendant THE CITY OF NEW YORK through its agents' caused it to sustain significant losses, lost business and property valuation, incurred legal expenses, and other related costs.

**COUNT III**
**FAILURE TO TRAIN**
**IN VIOLATION OF**
**THE CIVIL RIGHTS ACT OF 1871, 42 U.S.C. § 1983**

71. Plaintiff re-alleges Paragraphs 1 through 70 and incorporates them by reference as Paragraphs 1 through 70 of Count III of this Complaint.

72. Plaintiff alleges defendant THE CITY OF NEW YORK knows to a moral certainty that its employees will confront a given situation.

73. Plaintiff alleges that the situation either presents the employee with a difficult choice of the sort that training will make less difficult or that there is a history of employees mishandling the situation.

74. Plaintiff alleges that mishandling those situations will frequently cause the deprivation of a citizen's constitutional rights.

75. Plaintiff alleges that because of defendant THE CITY OF NEW YORK'S failure to train its employees it sustained significant losses, lost business and property valuation, incurred legal expenses, and other related costs.

**COUNT IV**
**FAILURE TO SUPERVISE**
**IN VIOLATION OF**
**THE CIVIL RIGHTS ACT OF 1871, 42 U.S.C. § 1983**

76. Plaintiff re-alleges Paragraphs 1 through 75 and incorporates them by reference as Paragraphs 1 through 75 of Count IV of this Complaint.

77. Plaintiff alleges defendant THE CITY OF NEW YORK knows to a moral certainty that its employees will confront a given situation.

78. Plaintiff alleges that the situation either presents the employee with a difficult choice of the sort that supervision will make less difficult or that there is a history of employees mishandling the situation.

79. Plaintiff alleges that mishandling those situations will frequently cause the deprivation of a citizen's constitutional rights.

80. Plaintiff alleges that because of defendant THE CITY OF NEW YORK'S failure to train its employees it sustained significant losses, lost business and property valuation, incurred legal expenses, and other related costs.

**COUNT V**
**FAILURE TO DISCIPLINE**
**IN VIOLATION OF**
**THE CIVIL RIGHTS ACT OF 1871, 42 U.S.C. § 1983**

81. Plaintiff re-alleges Paragraphs 1 through 80 and incorporates them by reference as Paragraphs 1 through 80 of Count V of this Complaint.

82. Plaintiff alleges defendant THE CITY OF NEW YORK knows to a moral certainty that its employees will confront a given situation.

83. Plaintiff alleges that the situation presents the employee with a difficult choice of the sort either that discipline will make less difficult or that there is a history of employees mishandling the situation.

84. Plaintiff alleges that mishandling those situations will frequently cause the deprivation of a citizen's constitutional rights.

85. Plaintiff alleges that because of defendant THE CITY OF NEW YORK'S failure to train its employees it sustained significant losses, lost business and property valuation, incurred legal expenses, and other related costs.

**JURY TRIAL**

Plaintiff SCE GROUP INC. d/b/a SIN CITY ENTERTAINMENT demands a trial by jury.

**PRAYER FOR RELIEF**

Wherefore, Plaintiff SCE GROUP INC. d/b/a SIN CITY ENTERTAINMENT demands compensatory and punitive damages from defendants' BRIAN C. HENNESSY; MATTHEW MORALES; MICHAEL LoPUZZO; EDWIN AYALA; CHRIS CAMPBELL; ALBERT G. KNOWLES and JUAN SANTIAGO in an amount of $45 million dollars, plus available statutory remedies, both legal and equitable, interests and costs.

Dated: September 28, 2018
New York, NY

Respectfully submitted,

By: ______________________
Eric Sanders (ES0224)

Eric Sanders, Esq.
**THE SANDERS FIRM, P.C.**
30 Wall Street, 8th Floor
New York, NY 10005
(212) 652-2782 (Business Telephone)
(212) 652-2783 (Facsimile)

Website: http://www.thesandersfirmpc.com