UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

<table>
<tr><td>
SCE GROUP INC. d/b/a SIN CITY<br>
ENTERTAINMENT,<br><br>
        Plaintiff,<br><br>
    -against-<br><br>
THE CITY OF NEW YORK; BRIAN C.<br>
HENNESSY, as Commanding Officer, 40th<br>
Precinct; MATTHEW MORALES, as<br>
Lieutenant, 40th Precinct; MICHAEL LoPUZZO,<br>
as Commanding Officer, 40th Precinct Detective<br>
Squad; EDWIN AYALA, as Police Officer, 40th<br>
Precinct; CHRIS CAMPBELL, as Police Officer,<br>
40th Precinct; ALBERT G. KNOWLES, as Police<br>
Officer, 40th Precinct; and JUAN SANTIAGO, as<br>
Police Officer, 40th Precinct,<br><br>
        Defendants.
</td></tr>
</table>

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED:  3/3/2020

18 Civ. 8909 (AT)

**ORDER**

ANALISA TORRES, District Judge:

  Plaintiff, SCE Group Inc., an adult entertainment establishment, brings this action

pursuant to 42 U.S.C. § 1983, alleging that Defendants, the City of New York (the "City"), and

Commanding Officers Brian C. Hennessy and Michael LoPuzzo, "Lieutenant Matthew

Morales,"[1] and Officers Edwin Ayala, Chris Campbell, Albert G. Knowles, and Juan Santiago

(collectively, the "Individual Defendants"), engaged in selective enforcement of nuisance

abatement laws against Plaintiff based on race and national origin, in order to drive Plaintiff out

of business. Compl. ¶¶ 14, 17, 32, ECF No. 1. Plaintiff alleges that Defendants issued false

violations and summonses, made unlawful arrests, created checkpoints and conducted business

inspections, among other allegedly selective enforcement actions. *Id.* ¶¶ 33, 34, 37, 47–49, 51–

55. Now before the Court is Defendants' motion for judgment on the pleadings pursuant to

---

[1] Plaintiff names Lieutenant Matthew Morales as a defendant, but, as the Court discusses in Section II(B)(2), there is no individual by that name at the 40th Precinct.

Federal Rule of Civil Procedure 12(c). ECF No. 34. For the reasons stated below, Defendants' motion is GRANTED in part and DENIED in part.

## BACKGROUND

The following facts are taken from the complaint and are presumed to be true for the purposes of considering the motion for judgment on the pleadings. *Patel v. Contemporary Classics of Beverly Hills*, 259 F.3d 123, 126 (2d Cir. 2001).

From 2003 to 2018, Plaintiff, SCE Group Inc. operated an adult entertainment business, at 2520 Park Avenue in the Bronx. Compl. ¶¶ 16, 19, 30, 31, 56. Plaintiff alleges that, with respect to the type of services offered by Plaintiff, the Bronx—the population of which is approximately 25.9% black, 70.9% Hispanic, and 1.6% non-Hispanic white—was an "underserved target market." *Id.* ¶¶ 14–18.

Plaintiff claims that, from December 2014 through 2018, Defendants began a campaign of selective enforcement of nuisance abatement laws against it, *id.* ¶¶ 31, 37, 51, based on the race and national origin of its patrons, liquor license holder, and stakeholders, *id.* ¶¶ 32–33. This campaign had several components.

First, Plaintiff claims that Defendants issued false violations and summonses, engaged in false arrests, baseless stop-and-frisks, baseless checkpoints, unlawful business inspections, and other acts of selective law enforcement against its patrons. *Id.* ¶¶ 34, 37, 51.

Second, in June 2016, the City filed a petition against Plaintiff in the Supreme Court, New York County, seeking to enjoin a public nuisance on Plaintiff's property, to close the premises for a year following judgment, and other legal remedies. *Id.* ¶ 47. Plaintiff alleges that, because it was faced with the prospect of losing its multimillion dollar business, it entered into a stipulation of settlement with the City on November 7, 2016, consenting to a "reasonable"

number of unannounced business inspections for a period of a year, a civil penalty payment of $100,000 to the City, and other remedies. *Id.* ¶ 49.

Last, the New York State Liquor Authority initiated proceedings to revoke Plaintiff's liquor license, which Plaintiff claims was based on false testimony provided by Defendants Hennessy, LoPuzzo, Morales, Ayala, Campbell, Knowles, and Santiago. *See id.* ¶¶ 52–55.[2] Plaintiff alleges that the false testimony and action to revoke its liquor license caused it to cease operations, resulting in economic injury. *Id.* ¶¶ 56–59. Plaintiff seeks $45 million in damages, as well as other remedies. *Id.* at 16.

## DISCUSSION

### I. Legal Standard

Under Federal Rule of Civil Procedure 12(c), "[a]fter the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings." Fed. R. Civ. P. 12(c). In deciding a Rule 12(c) motion, a court applies the same standard as that applicable to a motion under Rule 12(b)(6). *Sheppard v. Beerman*, 18 F.3d 147, 150 (2d Cir. 1994). In order to survive a Rule 12(c) motion, therefore, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The court must accept the allegations in the pleadings as true and draw all reasonable inferences in favor of the non-movant. *See ATSI Commc'ns, Inc. v. Shaar Fund, Ltd.*, 493 F.3d 87, 98 (2d Cir. 2007).

In evaluating a Rule 12(c) motion, the court may consider only the complaint, documents attached to the complaint, matters of which a court can take judicial notice, or documents that the plaintiff knew about and relied upon in bringing suit. *See Chambers v. Time Warner, Inc.*, 282

---

[2] The complaint does not contain allegations regarding the precise content of such testimony.

F.3d 147, 153 (2d Cir. 2002). A claim will not be dismissed on a motion for judgment on the pleadings unless the court is satisfied that the complaint cannot state any set of facts that would entitle a plaintiff to relief. *Sheppard*, 18 F.3d at 150. "This standard is applied with particular strictness when the plaintiff complains of a civil rights violation." *Id.* (internal quotation marks and citation omitted).

II.   <u>Analysis</u>

A.  Selective Enforcement

To prevail on a selective enforcement claim, a plaintiff must show that: "(1) the person, compared with others similarly situated, was selectively treated; and (2) that such selective treatment was based on impermissible considerations such as race, religion, intent to inhibit or punish the exercise of constitutional rights, or malicious or bad faith intent to injure a person." *Lisa's Party City, Inc. v. Town of Henrietta*, 185 F.3d 12, 16 (2d Cir. 1999). "A selective enforcement claim requires, as a threshold matter, a showing that the plaintiff was treated differently compared to others similarly situated." *Church of Am. Knights of the Ku Klux Klan v. Kerik*, 356 F.3d 197, 210 (2d Cir. 2004). "A plaintiff's naked assertions of discrimination are insufficient to survive the pleading stage." *Wright v. Nypd Officer Michael Manetta*, No. 14 Civ. 8976, 2016 WL 482973, at *3 (S.D.N.Y. Feb. 5, 2016) (internal quotation marks and citation omitted).

Courts within this circuit have held that entities are similarly situated for purposes of selective enforcement claims when they are "similarly situated in all material respects." *Mosdos Chofetz Chaim, Inc. v. Vill. of Wesley Hills*, 815 F. Supp. 2d 679, 696 (S.D.N.Y. 2011) (internal quotation marks and citation omitted); *see Missere v. Gross*, 826 F. Supp. 2d 542, 461 (S.D.N.Y. 2011) (stating that some courts have framed the standard as whether "a prudent person, looking

objectively at the incidents, would think them roughly equivalent" (internal quotation marks and citation omitted)).

Here, Plaintiff's claim of selective enforcement fails at the first prong, because the complaint does not plead facts that indicate that it was treated selectively "compared with others similarly situated." *Lisa's Party City*, 185 F.3d at 16. Plaintiff alleges that, "according to the New York State Liquor Authority's website, there is no data to establish the . . . race and/or national origin" of (1) license holders generally, (2) license holders receiving fines and other penalties from the agency, and (3) the patrons of license holders. Compl. ¶¶ 26–29. However, the unavailability of demographic data on the agency's website does not relieve Plaintiff of pleading requirements; Plaintiff must still establish that it was treated differently from other similarly situated establishments, in addition to the other elements of the claim. *See Twombly*, 550 U.S. at 570 ("[W]e do not require heightened fact pleading of specifics, but only enough facts to state a claim to relief that is plausible on its face. Because the plaintiffs here have not nudged their claims across the line from conceivable to plausible, their complaint must be dismissed."). Plaintiff has failed to allege any facts showing "differential treatment—a prerequisite to selective enforcement." *Church of Am. Knights*, 356 F.3d at 210.

Accordingly, the selection enforcement claim is DISMISSED.

### B. Individual Defendants

Next, Defendants seek to dismiss the claims against the Individual Defendants based on impermissible group pleading, as well as for lack of personal involvement alleged against Defendant Morales specifically. Def. Mem. at 7–9, ECF No. 35.

#### 1. Group Pleading

Rule 8(a) of the Federal Rules of Civil Procedure "requires, at a minimum, that a

complaint give each defendant fair notice of what the plaintiff's claim is and the ground upon which it rests." *Atuahene v. City of Hartford*, 10 F. App'x. 33, 34 (2d Cir. 2001). Pleadings fail to meet that minimum requirement where allegations "lump[ ] all the defendants together in each claim and provide no factual basis to distinguish their conduct." *Id.*

Here, Plaintiff fails to make specific factual allegations against each Individual Defendant. Plaintiff sets forth a panoply of law enforcement actions that it claims were biased, ranging from issuance of false violations and summonses, to selective revocation of its liquor license. None of these allegations, however, refer specifically to any Individual Defendant. *See generally* Compl.[3] Plaintiff, therefore, has failed to provide the Individual Defendants with the notice required by Rule 8 of the particular allegations against them.

Accordingly, the claims against the Individual Defendants are DISMISSED.

2. Defendant "Lieutenant Matthew Morales"

Defendants argue that Plaintiff's allegations against Defendant "Lieutenant Matthew Morales" "fail[ ] as a matter of law as there is no individual lieutenant from the 40th precinct special operations unit named Matthew Morales." Def. Mem. at 7. Plaintiff's counsel was repeatedly advised of this fact, but, inexplicably, did not submit an amended complaint. Having reviewed the submissions of the parties, *see* Suzanne E. Funes Decl. & Ex. A, ECF Nos. 39, 39-1 (averring that counsel for Defendants repeatedly notified Plaintiff that no lieutenant named "Matthew Morales" worked at the 40th Precinct, but a lieutenant named "Joaquin Morales" did), the Court concludes that Defendant Morales has been improperly named.

_____

[3] Though Plaintiff alleges that Defendants Hennessy, LoPuzzo, Morales, Ayala, Campbell, Knowles, and Santiago provided false testimony, Compl. ¶ 54, the Court concludes that the allegation is inadequate to provide notice to these Defendants as to the nature of the claims against them, as Plaintiff lumps the Defendants together and claims that their testimony on a wide-ranging list of issues was "false," without further specificity or elaboration, *see id.*; Rule 8(a).

Accordingly, the claims against Defendant "Lieutenant Matthew Morales" are DISMISSED.

### C.  *Monell* Liability

In order for municipal liability to attach for alleged constitutional violations, a plaintiff must prove: "(1) actions taken under color of law; (2) deprivation of a constitutional or statutory right; (3) causation; (4) damages; and (5) that an official policy of the municipality caused the constitutional injury." *Roe v. City of Waterbury*, 542 F.3d 31, 36 (2d Cir. 2008) (citing *Monell v. Dep't of Social Servs.*, 436 U.S. 658, 690–91 (1978)).  "The fifth element—the 'official policy' element—can only be satisfied where a plaintiff proves that a 'municipal policy of some nature caused a constitutional tort.'" *Id.* (quoting *Monell*, 436 U.S. at 691).  "In other words, a municipality may not be found liable simply because one of its employees committed a tort." *Id.* (citing *Bd. of County Comm'rs v. Brown*, 520 U.S. 397, 405 (1997)).

Municipal policy is reflected in the decisions of those local officials who "possess[ ] final authority to establish municipal policy with respect to the action ordered." *Pembaur v. City of Cincinnati*, 475 U.S. 469, 481–82 (1986).  A subordinate whose decisions are "subject to review by the municipality's authorized policymakers" is not a final decisionmaker in the estimation of § 1983, and her decisions neither represent municipal policy nor subject her employer to liability. *City of St. Louis v. Praprotnik,* 485 U.S. 112, 127 (1988).  Whether an official has "final policymaking authority" is a question for the Court and must be determined by reference to state law.  *Id.* at 123.

The City argues that the complaint fails to state a claim for municipal liability.  The Court agrees.  First, Plaintiff has not alleged any facts to establish that any of the Individual Defendants are final municipal policymakers.  *See generally* Compl.  Because the identification of a

policymaking official is a question of state law, *see Pembaur*, 475 U.S. at 483, the Court looks to state and local authority, and concludes that none of the Individual Defendants is a final policymaker for the New York Police Department. *See, e.g.*, New York City Charter § 434(b) ("The commissioner shall be the chief executive officer of the police force. He shall be chargeable with and responsible for the execution of all laws and the rules and regulations of the department."); *see also Domenech v. City of New York*, 919 F. Supp. 702, 710 (S.D.N.Y.) ("In the instant case, the Police Commissioner and the Mayor may be liable under a *Monell* claim as final policymakers with respect to retaliatory action within the NYPD.").

Second, the Court finds the remainder of Plaintiff's theories of municipal liability to lack factual support. *See* Compl. ¶¶ 66–85 (reciting conclusory theories of municipal liability). "[T]he mere assertion that a municipality has such a custom or policy is insufficient in the absence of allegations of fact tending to support, at least circumstantially, such an inference." *Montero v. City of Yonkers, New York*, 890 F.3d 386, 403–04 (2d Cir. 2018) (internal quotation marks, citation, and alterations omitted).

Accordingly, the claims against the City are DISMISSED.

### D.  Amendment

Last, the Court addresses Defendants' request to dismiss the complaint with prejudice. "A court has discretion to dismiss with prejudice if it believes that amendment would be futile or would unnecessarily expend judicial resources." *Abu Dhabi Commercial Bank v. Morgan Stanley & Co. Inc.*, No. 08 Civ. 7508, 2009 WL 3346674, at *2 (S.D.N.Y. Oct. 15, 2009) (internal quotation marks, citation, and alterations omitted).  However, it is premature to conclude that Plaintiff cannot plead facts adequate to support the elements of selective enforcement, specific allegations against the Individual Defendants, or municipal liability to state

a claim for which it is entitled to relief.

Accordingly, Defendants' request to dismiss the action with prejudice is DENIED.

## CONCLUSION

For the reasons set forth above, Defendants' motion for judgment on the pleadings is

GRANTED in part and DENIED in part.  The complaint is DISMISSED without prejudice.

Plaintiff has 30 days from the date of this order to file an amended complaint.

The Clerk of Court is directed to terminate the motion at ECF No. 34.

SO ORDERED.

Dated: March 3, 2020
       New York, New York

_____
ANALISA TORRES
United States District Judge