Index No. 18-CV-8909 (AT)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

SCE GROUP, INC. D/B/A SIN CITY
ENTERTAINMENT,

Plaintiff,

-against-

THE CITY OF NEW YORK, ET AL.,

Defendants.

## DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT OF THEIR MOTION TO DISMISS THE AMENDED COMPLAINT

*JAMES E. JOHNSON*
*Corporation Counsel of the City of New York*
*Attorney for Defendants*
*100 Church Street*
*New York, N.Y.  10007*

*Of Counsel:  Suzanne Funes*
*Tel:  (212) 356-2386*
*Matter #:  2018-077681*

## TABLE OF CONTENTS

**Page**

TABLE OF AUTHORITIES ......................................................................................... ii

PRELIMINARY STATEMENT ................................................................................... 1

PROCEDURAL HISTORY .......................................................................................... 2

STATEMENT OF RELEVANT FACTS ...................................................................... 3

STANDARD OF REVIEW ........................................................................................... 4

ARGUMENT

      POINT I

            PLAINTIFF'S CLAIMS AGAINST THE THREE
            NEWLY ADDED INDIVIDUAL DEFENDANTS
            ARE TIME-BARRED ................................................................7

      POINT II

            PLAINTIFF FAILS TO STATE ALLEGE A
            PLAUSIBLE EQUAL PROTECTION CLAIM
            AGAINST BOTH THE CITY AND THE
            INDIVIDUAL DEFENDANTS ..............................................10

      POINT III

            PLAINTIFF FAILS TO ALLEGE A PLAUSIBLE
            MONELL CLAIM AGAINST DEFENDANTS ......................14

CONCLUSION............................................................................................................. 19

## **TABLE OF AUTHORITIES**

<u>**Cases**</u>                                                                                                                 <u>**Pages**</u>

<u>Abbas v. Dixon,</u>
    480 F.3d 636 (2d Cir. 2007) ......................................................................................9

<u>Ashcroft v. Iqbal,</u>
    556 U.S. 662 (2009)......................................................................................4, 5, 17

<u>Bell Atlantic v. Twombly,</u>
    550 U.S. 544 (2007).........................................................................................4, 5

<u>Blue Tree Hotels Inv. (Canada), Ltd. v. Starwood Hotels & Resorts Worldwide,</u>
    <u>Inc.,</u>
    369 F.3d 212 (2d Cir. 2004) ......................................................................................6

<u>Bd. of the Cnty. Comm'rs v. Brown,</u>
    520 U.S. 397 (1997) ...............................................................................................16

<u>Byrd v. City of New York,</u>
    2005 U.S. App. LEXIS 10820 (2d Cir. June 8, 2005) ..............................................6

<u>Chambers v. Time Warner, Inc.,</u>
    282 F.3d 147 (2d Cir. 2002)......................................................................................5

<u>City of Los Angeles v. Heller,</u>
    475 U.S. 796 (1986) ...............................................................................................15

<u>Davis v. Cotov,</u>
    214 F. Supp. 2d 310 (E.D.N.Y. 2002) ......................................................................6

<u>DiRose v. PK Mgmt. Corp.,</u>
    691 F.2d 628 (2d Cir. 1982).....................................................................................12

<u>Duncan v. City of New York,</u>
    2012 U.S. Dist. LEXIS 67208 (E.D.N.Y. May 14, 2012) ....................................17

<u>Eggleston v. Guido,</u>
    41 F.3d 865 (2d Cir. 1994) .......................................................................................8

<u>Fahs Constr. Grp. Inc. v. Gray,</u>
    725 F.3d 289 (2d Cir. 2013) .....................................................................................8

<u>Fappiano v. City of New York,</u>
    640 Fed. Appx. 115 (2d Cir. 2016) .........................................................................15

<u>FSK Drug Corp. v. Perales,</u>
    960 F.2d 6 (2d Cir. 1992) ........................................................................................11

**Cases**                                                                                       **Pages**

Hang Hsin v. City of New York,
    779 Fed. Appx. 12 (2d Cir. 2019) ...........................................................11, 12, 13

Helprin v. Harcourt, Inc.,
    277 F. Supp. 2d 327 (S.D.N.Y. 2003) ...............................................................5

Hester-Bay v. Eastern Dist. Court Officer,
    2014 U.S. Dist. LEXIS 61187 (E.D.N.Y. Apr. 9, 2014) ........................................6

Hines v. Albany Police Dep't,
    520 Fed. Appx. 5 (2d Cir. 2013) .....................................................................16

Hogan v. Fischer,
    738 F.3d 509 (2d Cir. 2013) ..........................................................................8

Jones v. Town of E. Haven,
    691 F.3d 72 (2d Cir. 2012) ...........................................................................15

Kamholtz v. Yates County,
    350 Fed. Appx. 589 (2d Cir. 2009) .................................................................11

Kentucky v. Graham,
    473 U.S. 159 (1985) ...................................................................................14

Kramer v. Time Warner, Inc.,
    937 F.2d 767 (2d Cir. 1991)...........................................................................5

LeClair v. Saunders,
    627 F.2d 606 (2d Cir. 1980) .................................................................... 10-11

Martinich v. Ward,
    2017 U.S. Dist. LEXIS 3713 (E.D.N.Y. Jan. 7, 2017) ........................................14

Matthews v. City of New York,
    889 F. Supp. 2d 418 (E.D.N.Y. 2012) .............................................................16

Matusick v. Erie Cnty. Water Auth.,
    757 F.3d 31 (2d Cir. 2014) ...........................................................................16

McLennon v. City of New York,
    171 F. Supp. 3d 69 (E.D.N.Y. 2016) ...............................................................5

Missel v. Cnty. of Monroe,
    351 Fed. Appx. 543 (2d Cir. 2009) .................................................................16

**Cases**                                                                                          **Pages**

Monell v. Dep't of Soc. Servs. of N.Y.,
    436 U.S. 658 (1978) ...................................................................................15

Ormiston v. Nelson,
    117 F.3d 69 (2d Cir. 1997)...........................................................................10

Owens v. Okure,
    488 U.S. 235 (1989) .....................................................................................8

Papasan v. Allain,
    478 U.S. 265 (1986)....................................................................................4, 5

Pearl v. City of Long Beach,
    296 F.3d 76 (2d Cir. 2002) .......................................................................9-10

Pinter v. City of New York,
    448 Fed. Appx. 99 (2d Cir. 2011) ...............................................................15

Plair v. City of New York,
    789 F. Supp. 2d 459 (S.D.N.Y. 2011) .........................................................15

Robinson v. City of New York,
    2018 U.S. Dist. LEXIS 159335 (S.D.N.Y. Sep. 17, 2018)...........................13

Rosse v. United States,
    110 F. Supp. 3d 415 (N.D.N.Y. 2015) ..........................................................9

Ruiz v. Poole,
    566 F. Supp. 2d 336 (S.D.N.Y. 2008) .........................................................10

Schnitter v. City of Rochester,
    556 Fed. Appx. 5 (2d Cir. 2014) .................................................................16

Shomo v. City of New York,
    579 F.3d 176 (2d Cir. 2009) .........................................................................8

Singleton v. City of New York,
    632 F.2d 185 (2d Cir. 1980) .........................................................................8

VKK Corp. v. Nat'l Football League,
    244 F.3d 114 (2d Cir. 2001)........................................................................12

Walker v. Jastremski,
    430 F.3d 560 (2d Cir. 2005) .........................................................................9

**Cases**                                                                                                **Pages**

<u>Zahra v. Town of Southold,</u>
   48 F.3d 674 (2d Cir. 1995) .................................................................................11

**<u>Statutes</u>**

42 U.S.C. §1983 ................................................................................... *passim*

Fed. R. Civ. P. 12(b) .............................................................................5

Fed. R. Civ. P. 12(b)(6).......................................................................... *passim*

Fed. R. Evid. 201(b)...............................................................................5, 6

## PRELIMINARY STATEMENT

Plaintiff SCE Group, Inc. d/b/a Sin City Entertainment ("Plaintiff") in its Amended Complaint, alleges that, *inter alia*, from December 2014 to June 2016, defendants City of New York ("City") and three newly-added, individual defendants Mayor Bill de Blasio ("Mayor de Blasio"), Former Police Commissioner James P. O'Neill ("Former Police Commissioner O'Neill"), and Former Corporation Counsel Zachary W. Carter ("Former Corporation Counsel Carter"), (collectively, "Defendants") engaged in unlawful constitutional violations against it which, in a nut shell, allegedly give rise to its Equal Protection and Monell claims.   More specifically, Plaintiff alleges in its second iteration of its complaint that Defendants violated its Equal Protection rights when they enforced the nuisance abatement laws, purportedly in an unconstitutional and discriminatory manner.   This time Plaintiff's alleged Equal Protection claim is not based on race but is now predicated on numerous narcotics purchases previously made by undercover officers "in or at" its business, in order to drive Plaintiff out of business.

Defendants, now, submit this Memorandum of Law in support of their Motion to Dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure ("Fed. R. Civ. P.") seeking dismissal of Plaintiff's Amended Complaint in its entirety, with prejudice, for the following reasons: (1) Plaintiff's claim under the Equal Protection clause against individual defendants Mayor de Blasio, Former Police Commissioner O'Neill, and Former Corporation Counsel Carter are time-barred; (2) Plaintiff fails to state a viable claim against Defendants under the Equal Protection clause; and (3) Plaintiff fails to state a plausible claim for municipal liability under Monell against defendant City.

Accordingly, for the reasons set forth more fully below, it is respectfully requested that the Court dismiss Plaintiff's Amended Complaint, with prejudice, pursuant to Rule 12(b)(6).

## PROCEDURAL HISTORY

On September 28, 2018, Plaintiff filed its Complaint naming as defendants City of New York  C/O Brian C. Hennessy, C/O Michael LoPuzzo, Lt. Matthew Morales, PO Edwin Ayala, PO Chris Campbell, PO Albert G. Knowles, and PO Juan Santiago pursuant to 42 U.S.C. §1983, alleging, *inter alia*, unlawful selective enforcement of the nuisance abatement law and various theories of municipal liability under <u>Monell</u>. <u>See</u> Docket Entry No. 1, Complaint, <u>generally</u>. Defendants denied these allegations in their Answer and attached as part of their affirmative defenses, documents related to the nuisance abatement action brought by defendant City and filed in state court. <u>See</u> Docket Entry No. 31, Answer dated and filed January 11, 2019 ("Ans."), <u>generally</u>; <u>see also</u> Docket Entry No. 31-1, Nuisance Abatement Action and Stipulation of Settlement ("Stip.").

On March 27, 2019, Defendants filed their Motion for Judgment on the Pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure.  <u>See</u> Docket Entry Nos. 34-35. On May 16, 2019, Plaintiff filed its Opposition. <u>See</u> Docket Entry No. 38. Shortly thereafter, Defendants filed their Reply. <u>See</u> Docket Entry Nos. 39-40.  By Order dated March 3, 2020, the Court granted in part and denied in part Defendants' motion on the pleadings pursuant to Rule 12(c). <u>See</u> Docket Entry No. 41, Order. Thereafter, on April 3, 2020, Plaintiff filed an Amended Complaint adding three new individual defendants – Mayor Blasio, Former Police Commissioner O'Neill, and Former Corporation Counsel Carter. <u>See</u> Docket Entry No. 42, Amended Complaint ("AC"). On May 8, 2020, Defendants sought a pre-motion conference for leave to move to dismiss Plaintiff's Amended Complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil

2

Procedure ("Fed. R. Civ. P."). <u>See</u> Docket Entry No. 52.  On May 12, 2020, the Court denied

Defendants' letter motion for a pre-motion conference and, instead, set forth a briefing schedule.

<u>See</u> Docket Entry No. 57.

Defendants, now, move to dismiss the Amended Complaint pursuant to Fed. R.

Civ. P. 12(b)(6) seeking dismissal of Plaintiff's Amended Complaint in its entirety, with

prejudice.

## <u>STATEMENT OF RELEVANT FACTS</u>

Plaintiff alleges that, in or around 2003, it began operating an adult entertainment

business at 2520 Park Avenue, in the Bronx. <u>See</u> Docket Entry No. 42, AC ¶¶ 2, 14, 29.

According to Plaintiff, from December 18, 2014 to May 28, 2016, Defendants enforced the

nuisance abatement laws against it by having undercover officers purchase narcotics "at or near"

its business location "with the goal of closing its adult entertainment business."  <u>See</u> Docket

Entry No. 42, AC ¶¶ 45-73.  Plaintiff alleges that there were positive narcotics purchases on at

least 25 different occasions at or near the business.  <u>See</u> <u>id.</u> at ¶¶ 45-48.  As a result, in June

2016, defendant City filed a petition against Plaintiff in the Supreme Court of the State of New

York, County of New York under index no. 250804.16[1], seeking to enjoin a public nuisance on

Plaintiff's property, to close the premises for a year following judgment, and other legal

remedies. <u>See</u> <u>id.</u> ¶ 83.  Plaintiff alleges that, because it was faced with the prospect of losing a

"multimillion-dollar business" it entered into a stipulation of settlement with the City on

November 7, 2016, consenting to a "reasonable number of unannounced business inspections"

for a period of a year, a civil penalty payment of $100,000 to defendant City and other remedies.

<u>See</u> <u>id.</u> ¶¶ 84-85.  Plaintiff alleges that defendant City applied the nuisance abatement law in a

---

[1] Although Plaintiff alleges that nuisance abatement action was commenced in New York County, a review of the documents filed in state court and filed in this action indicate that the nuisance abatement action was commenced in Bronx County. <u>See</u> Docket Entry No. 31-1.

discriminatory manner to drive it out of business.  <u>See</u> <u>id</u>. ¶ 86.  Plaintiff further alleges that on

July 6, 2017, it ceased operating as an adult entertainment lounge.  <u>See</u> <u>id</u>. ¶ 87.

## <u>STANDARD OF REVIEW</u>

In order to survive a motion to dismiss, "a complaint must contain sufficient

factual matter, accepted as true, to state a claim for relief that is plausible on its face."  <u>Ashcroft</u>

<u>v. Iqbal</u>, 556 U.S. 662, 678 (2009) (<u>citing</u> and <u>quoting</u> <u>Bell Atlantic v. Twombly</u>, 550 U.S. 544,

570 (2007).  While for the purpose of a motion to dismiss a court must accept courts must accept

all non-conclusory, factual allegations as true, it is "not bound to accept as true a legal

conclusion couched as a factual allegation." <u>Twombly</u>, 550 U.S. at 555 (citing and quoting

<u>Papasan v. Allain</u>, 478 U.S. 265, 286 (1986)).  In other words, a complaint will only survive a

motion to dismiss, however, if it "contain[s] sufficient factual matter, accepted as true, to 'state a

claim to relief that is plausible on its face.'" <u>Iqbal</u>, 556 U.S. at 678 (quoting <u>Twombly</u>, 550 U.S.

at 570).  This "plausibility standard . . . asks for more than a sheer possibility that a defendant

has acted unlawfully" and requires a "context-specific" consideration of the complaint's factual

allegations based upon the court's "judicial experience and common sense." <u>Iqbal</u>, 556 U.S. at

679.  Thus, complaints that merely offer "labels and conclusions," naked assertion[s]" devoid of

"further factual enhancement," or "a formulaic recitation of the elements of a cause of action will

not" survive. <u>Twombly</u>, 550 U.S. at 555, 557.

In order to survive a motion to dismiss pursuant to Rule 12(b)(6), "a complaint

must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible

on its face." <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 678 (2009) (<u>citing</u> and <u>quoting</u> <u>Bell Atlantic v.</u>

<u>Twombly</u>, 550 U.S. 544, 570 (2007). While for the purposes of a motion to dismiss a court must

take all of the factual allegations in the complaint as true, it is "not bound to accept as true a legal

conclusion couched as a factual allegation." <u>Twombly</u>, 550 U.S. at 555 (<u>citing</u> and <u>quoting</u>

4

Papasan v. Allain, 478 U.S. 265, 286 (1986)). )). In other words, a complaint will only survive a motion to dismiss, however, if it "contain[s] sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Iqbal, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 570). This "plausibility standard . . . asks for more than a sheer possibility that a defendant has acted unlawfully" and requires a "context-specific" consideration of the complaint's factual allegations based upon the court's "judicial experience and common sense." Iqbal, 556 U.S. at 679. Thus, while a complaint need not make "detailed factual allegations," it must contain more than mere "labels and conclusions" or "formulaic recitation of the elements of a cause of action." Iqbal, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 555).

Moreover, on a motion to dismiss, while the district court is generally limited to considering the factual allegations contained within the four corners of the complaint, it may also consider any documents attached to the complaint as exhibits, any statements or documents incorporated in the complaint by reference, any document on which the complaint heavily relies and integral to the complaint, and any document of which judicial notice may be taken under Federal Rules of Evidence 201. Chambers v. Time Warner, Inc., 282 F.3d 147, 152-54 (2d Cir. 2002); Kramer v. Time Warner, Inc., 937 F.2d 767, 773 (2d Cir. 1991); Fed. R. Evid. 201(b).

To be incorporated by reference, a complaint must make a "clear, definite and substantial reference to the documents." McLennon v. City of New York, 171 F. Supp. 3d 69, 88 (E.D.N.Y. 2016)(quoting Helprin v. Harcourt, Inc., 277 F. Supp. 2d 327, 330-31 (S.D.N.Y. 2003). A document is integral to the complaint if a Plaintiff (1) has actual notice of the document and its information and (2) has relied upon the documents in framing the complaint. McLennon, 171 F. Supp. 3d at 89 (citing Chambers, 282 F.3d at 153). Finally, a judicially noticed fact must be one not subject to reasonable dispute in that it is either (1) generally known within the

5

territorial jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot be reasonably questioned. Davis v. Cotov, 214 F. Supp. 2d 310, 315 (E.D.N.Y. 2002)(citing Fed. R. Evid. 201(b)).

Here, the June 2016 petition filed in New York State Supreme Court, County of New York under Index No.: 250804/16 seeking preliminary and permanent injunction on public nuisance grounds, and the subsequent November 7, 2016 Stipulation of Settlement between the parties are not only explicitly incorporated by reference in Plaintiff's Amended Complaint, but such documents are also integral to the Amended Complaint as Plaintiff had actual notice of such documents and relied upon them in framing its Amended Complaint. See Docket Entry No. 42, AC ¶¶ 83, 85. Moreover, the Court can take judicial notice of documents filed with state court that are a matter of public record. See Blue Tree Hotels Inv. (Canada), Ltd. v. Starwood Hotels & Resorts Worldwide, Inc., 369 F.3d 212, 217 (2d Cir. 2004) (stating that courts "may also look to public records, including complaints filed in state court, in deciding a motion to dismiss"). Such documents include stipulations of settlement. See Byrd v. City of New York, 4 CV 1396, 2005 U.S. App. LEXIS 10820, at *3-4 (2d Cir. June 8, 2005) (affirming district court's dismissal of case on 12(c) grounds based on reliance of matters outside the pleadings – particularly, a court-filed stipulation of settlement – and holding that "that document is [] subject to judicial notice" because it "is a matter of public record"). Other documents that are a matter of public record to which the courts may take judicial notice include affidavits filed in other courts. See Hester-Bay v. Eastern Dist. Court Officer, 13 CV 4656 (CBA), 2014 U.S. Dist. LEXIS 61187, at *13-15 (E.D.N.Y. Apr. 9, 2014) (court taking judicial notice of affidavit filed in earlier proceeding in another court before another judge).

Accordingly, court filings in the underlying nuisance abatement petition, including but not limited to the order to show cause, affidavits and affirmations in support and in opposition, and the Stipulation of Settlement are properly before the Court and should be considered in deciding Defendants' 12(b)(6) motion.

## ARGUMENT

### POINT I

### PLAINTIFF'S CLAIMS AGAINST THE THREE NEWLY-ADDED, INDIVIDUAL DEFENDANTS ARE TIME-BARRED

On April 3, 2020, Plaintiff filed its Amended Complaint asserting two claims under Section 1983 – an Equal Protection claim and a Monell claim – against the three newly-added, individual defendants – Mayor Blasio, Former Police Commissioner O'Neill, and Former Corporation Counsel Carter. See Docket Entry No. 42, Amended Complaint ("AC"), generally. Plaintiff alleges that the unconstitutional conduct by these individual defendants, giving rise to its Equal Protection and Monell claims, occurred between December 18, 2014 and May 28, 2016, when undercover officers were sent to its business location to purchase narcotics "with the goal of closing its adult entertainment business."  See Docket Entry No. 42, AC ¶¶ 45-73. However, the statute of limitations clearly bars any claims against these newly added, individual defendants.

Indeed, a careful review of the Amended Complaint provides that Plaintiff's causes of action under the Equal Protection Clause and Monell accrued, at the latest, in or around May 2016, based on its allegations that undercover officers were sent to its location to purchase narcotics in order to allegedly shut down its business operations. See Docket Entry No. 42, AC ¶¶ 45-73.  Plaintiff then subsequently filed its Amended Complaint against the three new individual defendants on April 3, 2020 – almost four years later. See Docket Entry No. 42, AC,

generally. The three-year statute of limitations on both Equal Protection and Monell claims brought against the three, newly added individual defendants under Section 1983 expired in or around May 2019 – approximately 11 months before the April 3, 2020 Amended Complaint was filed.   See Fahs Constr. Grp. Inc. v. Gray, 725 F.3d 289, 292-93 (2d Cir. 2013) (holding that a claim of a violation of the Equal Protection Clause accrues "when the Plaintiff knew or should have known of the disparate treatment" and are subject to a three-year statute of limitations period); see also Owens v. Okure, 488 U.S. 235, 251 (1989) (statute of limitations for actions brought under Section 1983 – like Monell – is three-years).

To the extent that Plaintiff predicates its Equal Protection and Monell claims on any purported "discriminatory application of the nuisance abatement law," this premise, too, fails on statute of limitations grounds. See Docket Entry No. 42, AC ¶¶ 95-96, 100. A Section 1983 claim ordinarily "accrues when the Plaintiff knows or has reason to know of the harm." Shomo v. City of New York, 579 F.3d 176, 181 (2d Cir. 2009) (quoting Eggleston v. Guido, 41 F.3d 865, 871 (2d Cir. 1994)); Singleton v. City of New York, 632 F.2d 185, 191 (2d Cir. 1980); Hogan v. Fischer, 738 F.3d 509, 518 (2d Cir. 2013). Here, Plaintiff knew or should have known of any purported discriminatory application of the nuisance abatement law sometime in or around June 2016, at the latest. See Docket Entry No. 42, AC ¶ 83.  Indeed, not only does Plaintiff concede this fact is its Amended Complaint, but that fact is further confirmed by Plaintiff's own affidavit in opposition to the nuisance abatement application dated and notarized on June 27, 2016 and filed in New York State Supreme Court on or about June 28, 2016. See Docket Entry No. 31-1, Stip., page 11-14/38. As such, the three-year statute of limitations applicable to Plaintiff's Equal Protection and Monell claims expired – at the latest – on or about June 28, 2019. Fahs Constr. Grp. Inc., 725 F.3d at 292-93; Owens, 488 U.S. at 251. However,

Plaintiff only filed its Amended Complaint against the newly added individual defendants on April 3, 2020 – approximately 10 months after the statute of limitations expired. See Docket Entry No. 42, AC, generally.

Accordingly, the claims under the Equal Protection Clause and Monell against individual defendants Mayor Blasio, Former Police Commissioner O'Neill, and Former Corporation Counsel Carter are time-barred.

Furthermore, neither equitable tolling nor continuing violation doctrine save Plaintiff's time-barred claims.  To the extent that Plaintiff alleges that the statute of limitations is equitably tolled based on the July 6, 2017 date when it allegedly closed business operations resulting from "considerable economic damages" and "significant legal costs" or based on the expiration of one-year term of the November 7, 2016 Stipulation of Settlement (or November 7, 2017), those contentions are unavailing. As an initial matter, a delay in discovering the cause or extent of the injury – in this case, not knowing the significance of economic loss and legal costs resulting in closure of business – does not prevent the claim from accruing. See Rosse v. United States, 110 F. Supp. 3d 415, 428 (N.D.N.Y. 2015) (accrual of the statue of limitations "does not await determination of the full extent of injury," and "one who knows that he suffered damage . . . is not entitled to postpone the filing of a claim until the full extent of the damage is ascertained.").

Moreover, courts apply equitable tolling "only in 'rare and exceptional circumstances[.]'" Walker v. Jastremski, 430 F.3d 560, 564 (2d Cir. 2005). Under New York law, equitable tolling "may be [applied] [] to defeat a statute of limitations defense when the Plaintiff was induced by fraud, misrepresentations[,] or deception to refrain from filing a timely action." Abbas v. Dixon, 480 F.3d 636, 642 (2d Cir. 2007); see Pearl v. City of Long Beach, 296

F.3d 76, 88 (2d Cir. 2002) (equitable tolling defense will not arise unless there has been "active fraudulent concealment" by the wrongdoer). Here, Plaintiff does not- because he cannot- make an allegation that any of the individual defendants engaged in fraud, misrepresentation, or deception that would have impeded its ability to know of the alleged constitutional violations. See Docket Entry No. 42, AC, generally.  Moreover, Plaintiff was represented by counsel in the nuisance abatement action and, thus, knew or should have known of the purported violations to its constitutional rights no later than June 27, 2016. See Docket Entry No. 31-1, Stip., page 7-10/38. Thus, any assertion by Plaintiff that it did not (and could not) fully appreciate the gravity of the proceedings against it resulting in economic loss and eventual business closure or after the one-year term of the Stipulation of Settlement was executed is entirely without merit because ignorance of the law – in this case, accrual period for its causes of action under Section 1983 – would not "constitute a rare and extraordinary circumstance that would merit equitable tolling". Ruiz v. Poole, 566 F. Supp. 2d 336, 341 (S.D.N.Y. 2008); Ormiston v. Nelson, 117 F.3d 69, 72 n.5 (2d Cir. 1997).

## POINT II

### PLAINTIFF FAILS TO ALLEGE A PLAUSIBLE EQUAL PROTECTION CLAIM AGAINST BOTH THE CITY AND THE INDIVIDUAL DEFENDANTS

Even if Plaintiff can somehow overcome the statute of limitations hurdle as discussed in Point I, *supra* - which Defendants do not concede -  its Equal Protection claim, nevertheless fails against not only the individual defendants but also as against defendant City because the Amended Complaint fails to allege sufficient facts that support a facially plausible Equal Protection claim. The law setting forth a theory of Equal Protection based on selective enforcement has been well-established for over four decades. LeClair v. Saunders, 627 F.2d 606,

609-10 (2d Cir. 1980). To prevail on such a claim, a Plaintiff must prove that "(1) the person, compared with others similarly situated, was selectively treated, and (2) the selective treatment was motivated by an intention to discriminate on the basis of impermissible considerations, such as race or religion, to punish or inhibit the exercise of constitutional rights, or by a malicious or bad faith intent to injure the person." Hang Hsin v. City of New York, 779 Fed. Appx. 12, 14-15 (2d Cir. 2019) (citing Zahra v. Town of Southold, 48 F.3d 674, 683 (2d Cir. 1995) (quoting FSK Drug Corp. v. Perales, 960 F.2d 6, 10 (2d Cir. 1992)).

Before defendants turn to the allegations contained in the Amended Complaint, it is notable that this Court found the selective enforcement claim in Plaintiff's original Complaint lacking in that it "failed to allege any facts showing 'differential treatment'" and failed to plead facts that indicated that it was "treated selectively 'compared with others similarly situated.'" See Docket Entry No. 41, Order at page 5. Here, even with the Court's clear instruction on the proper pleading requirement for an Equal Protection claim, Plaintiff's Amended Complaint, again, falls short of setting forth a plausible claim. Indeed, Plaintiff's Amended Complaint fails to satisfy the first prong because it does not plead facts that indicate that it was selectively treated compared with others similarly situated, a prerequisite to pleading a viable Equal Protection claim, or, in other words, failed to plead a comparator. See Docket Entry No. 42, AC ¶¶ 45-97; see also Docket Entry No. 41, Order at p. 5; see also Kamholtz v. Yates County, 350 Fed. Appx. 589, 591 (2d Cir. 2009) (affirming district court's dismissal of equal protection claim where appellant failed to allege any facts showing that he was treated differently from others similarly situated and failed to compare his situation to that of anyone else). For this reason alone, Plaintiff's Equal Protection claim fails as a matter of law.

Furthermore, Plaintiff's Amended Complaint fails to satisfy the second prong of its Equal Protection claim because it has not alleged that any "selective treatment was motivated by an intention to discriminate on the basis of impermissible considerations, such as race or religion, to punish or inhibit the exercise of constitutional rights, or by a malicious or bad faith intent to injure the person." See Hang Hsin, 779 Fed. Appx. at 14-15; see also Docket Entry No. 42, AC, generally.

To the extent Plaintiff attempts to satisfy the second prong of the Equal Protection claim to allege that the terms of a "coerced" Stipulation of Settlement violated its rights under the Fourth and Fourteenth Amendments, that argument fails for several reasons. See Docket Entry No. 42, AC ¶¶ 44, 85-86.   First, Plaintiff has forfeited his coercion argument. The Stipulation of Settlement was signed on November 7, 2016 and this lawsuit was filed September 28, 2018. See Docket Entry Nos. 1 & 31-1, Stip., page 5/38.   As the Second Circuit has explained - a party disclaiming a contract or release based on duress must do so promptly or be held to have forfeited the right to do so to protect the stability and reliability of such contract. VKK Corp. v. Nat'l Football League, 244 F.3d 114, 123-24 (2d Cir. 2001). Accordingly, where, as here, Plaintiff who was represented by counsel cannot now allege as against the City that approximately two years after the settlement agreement was executed that it was forced into entering a Stipulation of Settlement with defendant City; thus, forfeiting its right to disclaim. See Docket Entry No. 31-1, Stip., pages 2-38/38; see also DiRose v. PK Mgmt. Corp., 691 F.2d 628, 634 (2d Cir. 1982) (delays as short as six months have been held to constitute forfeiture of a claim of economic duress).

Additionally, Plaintiff's assertions that the terms of the Stipulation of Settlement violated its Fourth and Fourteenth Amendment rights by "requir[ing]" it to waive its right to be

free from warrantless searches is equally unavailing because the terms of the agreement were entered into freely and voluntarily with adequate representation of counsel. See Docket Entry No. 42, AC ¶¶ 30-44. By way of example, the Stipulation of Settlement contractually permitted unannounced inspections for at least one year following its execution, or until November 7, 2017. See Docket Entry No. 31-1, Stip. ¶ 5, page 3/38. In essence, Plaintiff, through its counsel, gave defendant City and its agents "consent" to conduct unannounced – not unlawful – business inspections from November 7, 2016, the date of the signing of the Stipulation of Settlement until a year later (or November 7, 2017). Accordingly, Plaintiff cannot challenge the duly negotiated "consent[]" given to defendant City, pursuant to the Stipulation of Settlement, to conduct unannounced business inspections for that time period. See Robinson v. City of New York, 16-CV-9633 (PGG), 2018 U.S. Dist. LEXIS 159335, at *3-4 (S.D.N.Y. Sep. 17, 2018) (granting defendants' motion to dismiss and noting the enforceability of the terms of the stipulation of settlement involving a nuisance abatement action giving consent to members of the New York City Police Department to conduct unannounced inspections of Plaintiff's apartment to ensure it was not being used for illegal drug activity for a period of two years from the execution of said stipulation). Here, it is no coincidence that Plaintiff, through its counsel, consented to the terms of the Stipulation of Settlement providing for unannounced business inspections for a one (1) year period given that Plaintiff now concedes that positive narcotics purchases were made "at or near" its business on twenty-five separate occasions. See Docket Entry No. 42, AC ¶¶ 45-73. Consequently, the unannounced business inspections for a one (1) year period does not, contrary to Plaintiff's allegations, violate Plaintiff's Fourth or Fourteenth amendment rights. Thus, Plaintiff fails to satisfy the second prong of its Equal Protection claim that it was selectively treated based on impermissible considerations. Hang Hsin, 779 Fed. Appx. at 14-15.

13

Accordingly, Plaintiff's Equal Protection claim against all defendants fails as a matter of law.

**POINT III**

**PLAINTIFF FAILS TO ALLEGE A PLAUSIBLE MONELL CLAIM AGAINST DEFENDANTS**

Plaintiff predicates its <u>Monell</u> claim on Defendants' "actions" of "implementing 'official and un-official' policies of the discriminatory application of the nuisance abatement law." <u>See</u> Docket Entry No. 42, AC ¶ 100. As a preliminary matter, to the extent Plaintiff appears to assert a <u>Monell</u> claim against the newly-added defendants in their individual capacities – Mayor Bill de Blasio, Former Police Commissioner James P. O'Neill, and Former Corporation Counsel Zachary W. Carter, that claim fails as a matter of law. <u>See</u> Docket Entry No. 42, AC ¶¶ 98-103.   <u>Monell</u> liability based on allegations of unconstitutional "polices or practices" do not attach to a person acting in his or her individual capacity. <u>See</u> <u>Kentucky v. Graham</u>, 473 U.S. 159, 167-68 (1985) (distinguishing personal capacity actions from <u>Monell</u> actions).   In order to establish personal liability under Section 1983, the standards outlined in <u>Monell</u> are irrelevant. <u>See</u> <u>Kentucky</u>, 473 U.S. at 167-68 ("A victory in a personal-capacity action is a victory against the individual defendant, rather than against the entity that employs him."). Accordingly, Plaintiff cannot assert a <u>Monell</u> claim against individual defendants Mayor Bill de Blasio, Former Police Commissioner James P. O'Neill, and Former Corporation Counsel Zachary W. Carter as a matter of law, that is, assuming it can overcome the statute of limitations hurdle set forth in Point I, <u>supra</u>.

Moreover, as a procedural matter, in order to find a <u>Monell</u> violation, there must first be an underlying constitutional violation. <u>Martinich v. Ward</u>, 14 CV 7227 (ADS), 2017 U.S. Dist. LEXIS 3713, at *25 (E.D.N.Y. Jan. 7, 2017).   Thus, insofar as the Court agrees with

14

Defendants' time-barred argument set forth in Point I, supra, and dismisses Plaintiff's Equal Protection claim against the newly-added, individual defendants, then the Monell claim asserted against defendant City must, in turn, be dismissed. Pinter v. City of New York, 448 Fed. Appx. 99, 106 (2d Cir. 2011). In other words, Plaintiff's failure to properly plead its Equal Protection claim against individual defendants Mayor Bill de Blasio, Former Police Commissioner James P. O'Neill, and Former Corporation Counsel Zachary W. Carter forecloses its Monell claim against defendant City because a Monell claim is derivative in nature.  See Fappiano v. City of New York, 640 Fed. Appx. 115, 121 (2d Cir. 2016) (holding that in the absence of an underlying constitutional violation by a city employee there is no municipal liability under Monell); see also City of Los Angeles v. Heller, 475 U.S. 796, 799 (1986) ("[I]f [the police officer] inflicted no constitutional injury on respondent, it is inconceivable that [the city] could be liable to respondent."). Accordingly, to the extent the Court dismisses Plaintiff's Equal Protection claim against individual defendants Mayor Bill de Blasio, Former Police Commissioner James P. O'Neill, and Former Corporation Counsel Zachary W. Carter, it should also respectfully dismiss Plaintiff's Monell claim against defendant City.

        Additionally, Plaintiff's Monell claim against defendant City fails on various substantive grounds. A municipality may be held liable under Section 1983 if a "policy or custom" causes "deprivation of rights protected by the Constitution." Monell v. Dep't of Soc. Servs. of N.Y., 436 U.S. 658, 690-91 (1978); Jones v. Town of E. Haven, 691 F.3d 72, 80 (2d Cir. 2012). In order for a Monell claim to survive a motion to dismiss, a Plaintiff must allege "sufficient factual detail" and not mere "boilerplate allegations" that the violation of Plaintiff's constitutional rights resulted from the municipality's custom or official policy.  Plair v. City of New York, 789 F. Supp. 2d 459, 469 (S.D.N.Y. 2011). A "policy or custom" can be established

by any of the following: (1) a formal policy officially endorsed by the municipality; (2) actions or decisions made by municipal officials with decision making authority; (3) a practice so persistent and widespread that it constitutes a custom through which constructive notice is imposed on policymakers; or (4) a failure by policymakers to properly train or supervise their subordinates, such that the policymakers exercised 'deliberate indifference' to the rights of the Plaintiff. See Missel v. Cnty. of Monroe, 351 Fed. Appx. 543, 545 (2d Cir. 2009) (formal policy and act of a person with policymaking authority); see also Hines v. Albany Police Dep't, 520 Fed. Appx. 5, 7 (2d Cir. 2013) (actions of policymakers); Matusick v. Erie Cnty. Water Auth., 757 F.3d 31, 62 (2d Cir. 2014) (widespread and persistent practice); Schnitter v. City of Rochester, 556 Fed. Appx. 5, 8 (2d Cir. 2014) (failure to train or supervise).

Plaintiff advances, at best, the first two theories of municipal liability delineated above in its Amended Complaint. First, Plaintiff alleges that the City through its agents, individual defendants Mayor Bill de Blasio, Former Police Commissioner James P. O'Neill, and Former Corporation Counsel Zachary W. Carter, had "'official and un-official' policies" of implementing the nuisance abatement law in a discriminatory manner. See Docket Entry No. 42, AC ¶ 100. However, at the pleading stage, a Plaintiff must allege facts tending to support, at least, circumstantially, an inference that an alleged municipal policy exists and that it was the driving force behind the constitutional violations alleged in the complaint. Bd. of the Cnty. Comm'rs v. Brown, 520 U.S. 397, 403-04 (1997).

Here, the Amended Complaint completely lacks factual allegations to support the existence of an official or unofficial policy that caused the purported constitutional violations. See Docket Entry No. 42, AC, generally; see also Matthews v. City of New York, 889 F. Supp. 2d 418, 444 (E.D.N.Y. 2012) (dismissing Monell claim where Plaintiff generically claimed that

the City, through the NYPD, had a "policy" of searching vehicles and apartments without probable cause).  Indeed, "boilerplate" and "conclusory" assertions of "official and unofficial policies" of implementing the nuisance abatement law in a discriminatory manner, without more, are plainly insufficient to sustain a viable <u>Monell</u> claim.  See <u>Duncan v. City of New York</u>, 11-CV-3826 (CBA), 2012 U.S. Dist. LEXIS 67208, at *5-7 (E.D.N.Y. May 14, 2012) (dismissing <u>Monell</u> claim alleging that the City had a "custom and policy of making illegal and false arrests with excessive force [and] without probable cause"). Indeed, this Court previously dismissed without prejudice Plaintiff's <u>Monell</u> claim finding, *inter alia,* its "theories of municipal liability to lack factual support" and merely recited conclusory theories of municipal liability.  <u>See</u> Docket Entry No. 41, Order at page 8 (citing Complaint ¶¶ 66-85).  Despite being given sufficient time and opportunity to cure its pleading deficiencies, Plaintiff's Amended Complaint fares no better.  <u>See</u> Docket Entry No. 42, AC ¶¶ 33-34, 36-37, 39-41, 43-44, 100-102 (reciting, again, conclusory theories of municipal liability).

Second, Plaintiff asserts that the actions of policymaker defendants Mayor Bill de Blasio, Former Police Commissioner James P. O'Neill, and Former Corporation Counsel Zachary W. Carter fostered "a policy and practice" of enforcing the nuisance abatement law in an unconstitutional and discriminatory manner by "pressur[ing] property owners and leaseholders who have not been convicted of any crime into settlements waiving their constitutional rights. The NYPD Legal Bureau and New York City Law Department attorneys routinely inform property owners and leaseholders that they must consent to agreements in order to avoid eviction."  <u>See</u> Docket Entry No. 42, AC ¶¶ 33-44, 74-91, 95-96.  However, as discussed above, such bald allegations are boilerplate and conclusory and, thus, fail as a matter of law. <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 678 (2009). Moreover, Plaintiff's allegations in and of

themselves belie any indication that the nuisance abatement law was enforced in an unconstitutional and discriminatory manner simply because Plaintiff's concedes that at least 25 positive narcotics purchases were made "at or near" its own business.  <u>See</u> Docket Entry No. 42, AC ¶¶ 45-48. Consequently, Plaintiff's concession that illegal activity occurred "at or near" its own business undercuts any plausible inference of any purported unconstitutional policy or practice of enforcing a facially valid law.  Accordingly, because plaintiff does not state a viable <u>Monell</u> claim against defendant City, the <u>Monell</u> claim should respectfully be dismissed as a matter of law.

## <u>CONCLUSION</u>

Based on the foregoing, Defendants City of New York, Mayor Bill de Blasio, Former Police Commissioner James P. O'Neill, and Former Corporation Counsel Zachary W. Carter, respectfully request that the Court dismiss Plaintiff's Amended Complaint, with prejudice, pursuant to Fed. R. Civ. P. 12(b)(6), and further seek such costs, fees and other relief as the Court deems just and proper.

Dated:      New York, New York
            June 10, 2020

                          ZACHARY W. CARTER
                          Corporation Counsel of the
                            City of New York
                          Attorney for Defendants *City, Mayor Bill de Blasio,*
                          *Former Police Commissioner James P. O'Neill, and*
                          *Former Corporation Counsel Zachary W. Carter*
                          100 Church Street
                          New York, New York 10007
                          Tel.: (212) 356-2386


            By:     *Suzanne E. Funes*
                    _____
                    Suzanne E. Funes
                    *Senior Counsel*

19